# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY A. GRIMES, SR., | 1:09-cv-02002-OWW-DLB (HC) |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| H.A. RIOS, JR., | [Doc. 1] |
| Respondent. | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## BACKGROUND

Petitioner filed the instant petition on November 16, 2009. (Court Doc. 1.) Petitioner is currently serving a sentence of 20 years for a violation of 18 U.S.C. § 2113(a)-bank robbery-imposed by the United States District Court for the Middle District of Georgia Thomasville Division. (Petition, Unnumbered Exhibit at p. 12.)[1] In the instant petition, Petitioner challenges a parole detainer imposed by the United States Parole Commission.

## DISCUSSION

A federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Capaldi v.

---

[1] Because Petitioner did not number his exhibits, the Court refers to the page number as reflected on the Court's Case Management Electronic Filing System.

1

Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2d Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Barden v. Keohane, 921 F.2d 476, 478-79 (3rd Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

Petitioner's petition must be dismissed as it is not subject to review in this forum. In Moody v. Daggett, 429 U.S. 78 (1976), the petitioner was serving a sentence for a federal crime committed while he was on parole. Id. at 80-81. A parole violation warrant was lodged as a detainer based on the commission of the federal offense. Id. The Supreme Court held there was no constitutional right to disposition of the parole violation charges prior to the expiration of his current sentence. Id. at 89. The Court reasoned there was no loss of liberty as a result of the unexecuted warrant because the Petitioner's present incarceration was the result of a separate unexpired sentence, stating:

> Petitioner's present confinement and consequent liberty loss derive not in any sentence from the outstanding parole violator warrant, but from his two 1971 homicide convictions. Issuance of the warrant and notice of that fact to the institution of confinement did no more than express the Board's intent to defer consideration of parole revocation to a later time.

Id. at 86.

Petitioner attempts to argue that the sentence on his 1985 offenses has expired and therefore a parole violation detainer can be issued. However, a review of the documents attached to Petitioner's petition demonstrate that he was convicted of three counts of bank robbery in 1985 and sentenced to 15 years on each count to be served concurrently. (Petition, Unnumbered Exhibits, at p. 18.) He was also sentenced to 5 years probation to be served consecutive to other federal cases. (Id. at pgs. 18-19.) Petitioner's parole date and date of supervised release began on June 4, 2002. In a letter written by Assistant Public Defender Rick Carey, it is specifically stated that Petitioner "violated his parole by incurring a conviction for bank robbery in August, 2003." (Petition, Unnumbered Exhibits, at p. 29.) Therefore, Petitioner's claim is belied by the evidence attached to his petition.

1    Furthermore, to the extent Petitioner attempts to challenge the enhancement of his current
2 sentence due to his 1985 conviction, his claim is not cognizable via section 2241, and must be
3 raised by way of section 2255.  A federal prisoner challenging the manner, location, or conditions
4 of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. §
5 2241.  Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998);  United States v. Tubwell, 37
6 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991);
7 United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991);  Barden v. Keohane, 921 F.2d 476,
8 478-79 (3rd Cir. 1991);  United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown
9 v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

10   A federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 *if*
11 he can show that the remedy available under § 2255 is "inadequate or ineffective to test the
12 validity of his detention." Hernandez v. Campbell, 204 F.3d 861, 864-5 (9th Cir.2000); United
13 States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (quoting § 2255).  The Ninth Circuit has
14 recognized that it is a very narrow exception. Id; Ivy v. Pontesso, 328 F.3d 1057 (9th Cir. 2003)
15 (a petitioner must show actual innocence *and* that he never had the opportunity to raise it by
16 motion to demonstrate that § 2255 is inadequate or ineffective);  Moore v. Reno, 185 F.3d 1054,
17 1055 (9th Cir.1999) (per curium) (holding that the AEDPA's filing limitations on § 2255 Motions
18 does not render § 2255 inadequate or ineffective); Aronson v. May, 85 S.Ct. 3, 5 (1964) (a
19 court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Lorentsen v.
20 Hood, 223 F.3d 950, 953 (9th Cir. 2000) (same); Tripati, 843 F.2d at 1162-63 (9th Cir.1988) (a
21 petitioner's fears bias or unequal treatment do not render a § 2255 petition inadequate); Williams
22 v. Heritage, 250 F.2d 390 (9th  Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956); see,
23 United States v. Valdez-Pacheco, 237 F.3d 1077 (9th Cir. 2001) (procedural requirements of
24 § 2255 may not be circumvented by invoking the All Writs Act, 28 U.S.C. § 1651).  The burden
25 is on the petitioner to show that the remedy is inadequate or ineffective.  Redfield v. United
26 States, 315 F.2d 76, 83 (9th Cir. 1963).  Petitioner has not demonstrated in any way that section
27 2255 is inadequate or ineffective to raise a challenge to his current sentence.  Accordingly, the
28 instant petition must be dismissed.

RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. The instant petition for writ of habeas corpus be DISMISSED; and,

2. The Clerk of Court be directed to terminate this action.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **December 10, 2009**           **/s/ Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE